IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL NO. 1:11-CR-308 |
| v. ) | |
| ) | Sentencing Date: June 14, 2013 |
| JUAN DE DIOS GARCIA MERCADO, ) | |
| ) | The Honorable Liam O'Grady |
| Defendant. ) | |

**POSITION OF THE UNITED STATES
WITH RESPECT TO SENTENCING**

The United States of America, by its attorney, Neil H. MacBride, the United States Attorney, and Michael P. Ben'Ary and Lynn E. Haaland, Assistant U.S. Attorneys, and in accord with the United States Sentencing Commission, *Guidelines Manual*, § 6A1.2 and the policy of this Court, files its position on the sentencing of the defendant, Juan de Dios Garcia Mercado. The United States hereby moves for a one-level reduction of the defendant's Sentencing Guidelines level pursuant to U.S.S.G § 3E1.1(b) in recognition of the defendant's timely guilty plea. Further, the United States asks the Court to impose a sentence that reflects the defendant's involvement in a significant cocaine importation conspiracy, but also that the defendant was not a leader within the drug trafficking organization and has accepted responsibility for his conduct. A sentence of between 125 and 144 months would address those factors and also avoid unwarranted sentencing disparities.

I. **ARGUMENT**

Section 3553(a) requires a sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to: reflect the seriousness of the offense, promote respect for the law, provide

just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Applying these sentencing factors to this case demonstrates that a sentence of between 125 and 144 months' of incarceration is appropriate and reasonable. The defendant was a member of a cocaine distribution organizations responsible for the distribution of tons of cocaine destined for the United States. The defendant owned and operated the trucking company used by the group to transport cocaine from the Colombian interior, where the cocaine was produced, to the coast. Once at port cities on Colombia's Caribbean coast, the defendant was instrumental in coordinating the cocaine's transfer from the trucks to hidden compartments in shipping containers. This was complicated, and often involved the use of warehouses leased by the group to provide cover. Given the enormous quantity of cocaine involved in the offense and the scope of these drug conspiracies, a significant sentence is warranted to protect the public from future violations and to afford general deterrence.

The defendant has no known criminal history in the United States or Colombia. A sentence of between 125 and 144 months in prison will fairly punish the defendant for his involvement in this offense and his level of participation, while taking into account his lack of prior criminal history and role within the drug trafficking organization.

In avoiding unwarranted sentencing disparities, it is necessary to take into account the sentences imposed on other conspirators and their relative culpability. While the defendant's role was different than those defendants who were involved in the exportation side of the business, his general level of culpability is on par with theirs. This Court sentenced Guillermo

Linares to a term of 124 months of imprisonment, and Gabrielle Galviz Rodriguez to 144 months of imprisonment. Since these defendants' level of involvement was similar, and they have similarly clean criminal histories, a sentence of between 125 and 144 months would be fair and reasonable for this defendant.

## II. CONCLUSION

For the above-stated reasons, the United States submits that a sentence of 125 to 144 months is reasonable and accounts for each of the factors set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

Neil H. MacBride
United States Attorney

Michael P. Ben'Ary
Lynn E. Haaland
Assistant United States Attorneys
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: 703-299-3700
michael.ben'ary2@usdoj.gov
lynn.haaland@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of June, 2013 I filed the foregoing with the Clerk of Court, and sent a copy via electronic mail to the following:

Michael S. Arif, Esq.
Counsel for Celedon Ballestas-Najera

_____
Michael P. Ben'Ary
Assistant United States Attorney
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: 703-299-3700
michael.ben'ary2@usdoj.gov