IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | |
| JUAN DE DIOS GARCIA MERCADO, ) | Criminal Action No. 1:11-cr-308-15 |
| ) | |
| Defendants. ) | |
| ) | |

## Memorandum Opinion

This matter comes before the Court on Defendant Juan de Dios Garcia Mercado's Motion to Vacate, set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Mercado seeks to have his sentence set aside on three different grounds: (1) his counsel failed to file a notice of appeal, (2) his counsel acted contrary to his wishes and failed to determine if he wanted to file an appeal, and (3) his counsel compelled him to withdraw a previous § 2255 motion he had filed. The government opposes the motion on the grounds that it is untimely and lacks merit. For the reasons outlined below, the Court finds the Motion is both untimely and unmeritorious.

### I. Background

In November of 2011, Mercado was charged in a five-count indictment along with sixteen codefendants. On March 26, 2013, Mercado entered a guilty plea to Count One of the indictment, which charged him with Conspiracy to Manufacture or Distribute Five Kilograms or More of Cocaine for Unlawful Importation into the United States. Dkt. No. 212. The Plea Agreement included a waiver of appeal, and stated that the government would recommend an offense level of 35, with possible Safety Valve eligibility under Sections 5C1.2 and 2D1.1(b)(11). Dkt. No. 213. The government reserved the possibility of a further reduction of

1

Mercado's sentence under Rule 35(b) of the Federal Rules of Criminal Procedure based on "substantial assistance." *Id.* Mercado reviewed the Plea Agreement with his attorney, Michael Arif, prior to entering the plea.

On June 13, 2013, this Count found the petitioner Safety Valve eligible, applied the corresponding two level reduction, and sentenced Mercado to 130 months imprisonment and five years of supervised release. Dkt. No. 263. This sentence was five months under the Sentencing Guideline Range. Mercado affirmed that he was satisfied with his counsel's representation and acknowledged waiving his rights to appeal. The Judgment and Commitment Order was entered on June 14, 2013. Dkt. No. 266. In accordance with the plea agreement, Mercado did not file an appeal.

On May 20, 2014, Mercado filed a pro se motion under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. Dkt. No. 389. The motion was based on four allegations: that counsel failed to create and file a sentencing memorandum, failed to review the Presentence Investigation Report with Mercado, failed to negotiate a plea agreement, and failed to provide Mercado with a notice of forfeiture. *Id.* Arif sent Garcia Mercado a letter on June 12, 2014. He advised Mercado that, under the terms of the Plea Agreement, the defendant would likely lose the possibility of a further reduction of his sentence under Rule 35(b) if he continued pursuing the § 2255 motion. On June 24, 2014, Mercado filed a motion to dismiss his § 2255 motion without prejudice. Dkt. No. 405. The court granted the motion on August 27, 2014. Dkt. No. 412.

Mercado filed the pending motion on June 1, 2015. Dkt. No. 468. The United States responded, after obtaining an extension of time to respond, on August 6, 2015, and included an affidavit from Michael Arif. Defendant has not filed a reply brief.

## II. Discussion

The government opposes the Motion on two grounds: first, the Motion is untimely, and second, the Motion is unmeritorious. The Court will address each argument in turn.

### A. Whether Mercado's § 2255 Motion is Timely

A one year time limit applies to all § 2255 motions. 28 U.S.C. § 2255(f); *Clay v. United States*, 537 U.S. 522, 524 (2003). All § 2255 motions must be filed within one year of the latest of the following four dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f); *Milan v. United States*, 57 F. Supp. 3d 571, 578 (E.D. Va. 2014). Only the first of these four dates is applicable in this case as Mercado has not argued that the government prevented him from filing this motion earlier, or that the Supreme Court has recently recognized a new right that he now asserts, or that he could not have discovered the supporting facts until recently.

The judgment of conviction was entered on June 14, 2013. Mercado did not appeal, so the one year clock started running on that date. *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001). Mercado did not file the current Motion until June 1, 2015, well after the one-year clock had run. The motion is thus untimely.

The Court also does not find that the one-year time limit should be tolled in this case. Mercado himself did not argue that the time limit should be tolled in his Motion, but the government raised the issue in order to preempt any potential arguments in support of tolling raised by Mercado. However, Mercado failed to file a reply brief and thus failed to address the issue of tolling.

First, for the reasons stated in the government brief in opposition, the Court finds there is no statutory basis for tolling the one-year statute of limitations. Second, the Court finds the current Motion is not subject to equitable tolling. Equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotations omitted). "Equitable tolling of petitions for collateral review is available only when a defendant demonstrates '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Whiteside v. United States*, 775 F.3d 180, 184-85 (4th Cir. 2014) (quoting *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010)); *see also United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (holding equitable tolling of § 2255 motion available when petitioner "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time"). The Court has not identified any extraordinary circumstances that would have prevented Mercado from timely filing this Motion. Further, there is no evidence that Mercado made any attempt to diligently pursue his rights prior to filing this Motion. Mercado's previously filed § 2255 motion did not prevent him from filing the current motion and does not demonstrate diligence as the first motion set forth different grounds for relief.

Because the motion was untimely and there is no reason to toll the one-year time limit, the Court finds this § 2255 Motion must be dismissed. However, the Court will also address the merits of the claim.

### B. Whether Mercado's § 2255 Motion is Meritorious

A petitioner is entitled to relief under 28 U.S.C. § 2255 if he demonstrates either: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. Claims of ineffective assistance of counsel are properly brought in a § 2255 motion. *United States v. King*, 119 F.3d 290, 295 (4th Cir.1997). In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court articulated a two-part standard for evaluating claims of ineffective assistance of counsel. The first prong of the *Strickland* test requires a showing that counsel failed to provide reasonably effective assistance; that is, that counsel's conduct fell below an objective standard of reasonableness in light of the circumstances at the time. *Id.* at 687-88, 690. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The second prong requires the defendant to show prejudice. *Id.* at 694. Under this prong, the petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* The burden of proving both prongs is on the petitioner who seeks to challenge the conviction, *id.* at 696-97, and the petitioner must prove both prongs by a preponderance of the evidence. *Berry v. United States*, 884 F. Supp. 2d 453, 457 (E.D. Va. 2012).

### (1) Trial Counsel's Failure to File an Appeal and (2) Failure to Determine if Mercado Wanted to File an Appeal

Mercado's first two arguments assert that his trial counsel was ineffective because he failed to file an appeal and failed to determine if he wanted to file an appeal. "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known." *Roe v. Flores-Ortega*, 528 U.S. 470, 480, 120 S. Ct. 1029, 1036, 145 L. Ed. 2d 985 (2000). "Consult" in this context means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* at 478.

In his plea agreement, Mercado waived his right to appeal his conviction and any sentence within the statutory maximum. *See* Dkt. No. 213, at 5. Mercado's trial attorney, Michael Arif, maintains that he reviewed the plea agreement with Mercado in Spanish, his native language, and explained to Mercado that he was waiving his appeal rights by accepting the plea agreement. The Court confirmed that Mercado understood the plea agreement at the plea hearing.

Mercado has not identified what grounds he would have asserted in an appeal. Arif asserts, and the Court agrees, that there were no non-frivolous grounds upon which Mercado could have appealed. Considering there were no grounds for an appeal and Mercado knowingly waived his right to appeal, the Court concludes that no rational defendant would have wanted an appeal in this case. In addition, there is no evidence that Mercado, at any time, reasonably

demonstrated to Arif that he was interested in appealing. Accordingly, Arif had no constitutionally imposed duty to consult with Mercado about an appeal.

The Fourth Circuit has explained that "where counsel consults with a client and establishes expectations about the consequences that are likely to follow from a guilty plea, it is difficult to say that counsel is 'professionally unreasonable,' as a constitutional matter, in not consulting with such a defendant regarding an appeal, if (1) those expectations are met, (2) the defendant does not express any interest in appealing, and (3) counsel concludes that there are no nonfrivolous grounds for appeal." United States v. Cooper, 617 F.3d 307, 314 (4th Cir. 2010) (citations and quotations omitted). These are the circumstances present in this case. The Court, therefore, declines to find that Arif provided constitutionally ineffective counsel to Mercado even though Arif did not file an appeal and did not take additional steps, beyond explaining to Mercado that he was waiving his right to appeal by taking the plea agreement, to consult with Mercado about filing an appeal.

The Court also finds that Mercado was not prejudiced by Arif's decision not to file an appeal and not to consult further with Mercado regarding an appeal. Again, Mercado has not identified the grounds on which the appeal that Arif should have filed would have been based. The Court itself has not identified any non-frivolous grounds. Without meritorious grounds on which to appeal, the Court cannot conclude that there is a reasonable probability that the result of this case would have been different had Arif filed an appeal or consulted with Mercado about an appeal.

Because Mercado has not demonstrated either of the two prongs of the *Strickland* test with regard to his first two claims of ineffective assistance, the Court must dismiss these claims as unmeritorious.

### (3) Whether Trial Counsel Compelled Mercado to Withdraw His Previous § 2255 Motion

Mercado next argues that his sentence should be vacated because Arif compelled him to withdraw his first § 2255 motion. It is unclear whether Mercado is asserting that Arif provided ineffective assistance by advising him to withdraw his § 2255 or whether he is arguing that his sentence is otherwise subject to collateral attack because of Arif's actions. The government insists that because Mercado was proceeding pro se on his first § 2255 motion, Arif was no longer his counsel and an ineffective assistance of counsel analysis is improper. The government has interpreted Mercado's third allegation as arguing that his conviction or sentence was otherwise entered in spite of a constitutional error. The government asserts that the correct standard for determining whether relief must be granted in § 2255 cases alleging constitutional error is "whether the error had substantial and injurious effect or influence." *United States v. Smith*, 723 F.3d 510 (4th Cir. 2013). However, *Smith* involved an allegedly improper jury instruction. *Id.* The Court cannot definitely say that "substantial and injurious effect" is the proper standard for all alleged constitutional errors. Moreover, the Court does not interpret Mercado's motion as asserting a constitutional error as he has not identified which constitutional provision has been violated. The finds it more appropriate to interpret Mercado's third allegation as asserting a "nonconstitutional error."

A "nonconstitutional error" provides a basis for collateral attack if it involves "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999) (quoting *United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979)). This is a high standard which Mercado has not met. First, the Court finds Mercado's claim inaccurate. Arif did send Mercado a letter advising him that it would be against his interest to continue to pursue his first § 2255 motion. However,

this letter, which was attached to Mercado's motion, in no way compelled Mercado to withdraw his § 2255 motion. Arif's letter made very clear that he was in no way "attempting to dissuade [Mercado] from filing any papers or pleadings." Rather, the letter simply sought to advise Mercado that if he continued to pursue his motion he could be found guilty of perjury and that he would lose any opportunity to receive a Rule 35 sentence reduction. Second, Arif's letter was only a letter. Mercado himself chose to withdraw his motion. Thus, any injustice that occurred was the result of Mercado's own actions and decisions. Finally, the Court finds there was no injustice. Rather, Mercado benefitted from withdrawing the motion because in doing so he avoided the negative consequences outlined in Arif's letter. For all of these reasons, the Court finds no error which resulted in a miscarriage of justice and, therefore, finds good cause to dismiss the third ground on which this § 2255 motion is based.

### III. Conclusion

As set forth above, the Court finds this § 2255 motion is both untimely and unmeritorious. The Court, therefore, finds good cause to DENY the Motion. An appropriate Order will issue.

May 13, 2016  
Alexandria, VA

/s/  
Liam O'Grady  
United States District Judge